[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Date of Sentence February 7, 1995 Date of Application February 7, 1995 Date Application Filed February 7, 1995 Date of Decision June 27, 1995
Application for review of sentence imposed by the Superior Court, Judicial District of Windham, G.A. 11.
Matthew Davis, Esq., Defense Counsel, for Petitioner.
Vincent Dooley, Esq., Assistant State's Attorney, for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of assault on an employee of the Department of Corrections, in violation of General Statutes § 53a-167c. As a result of this conviction, petitioner received a sentence of three years. This sentence was to be concurrent with a sentence which petitioner was then serving.
The facts underlying petitioner's conviction indicate that on June 11, 1993 he was a confined prisoner at the Brooklyn Correctional Center. Petitioner became unruly in his cell and spit upon Corrections Officer Harrington because petitioner was refused permission to have his morning meal with the general population. After petitioner spit in the face of the officer twice, it was decided that petitioner should be removed from the cell and placed in segregation. Petitioner resisted being removed from the cell, and while the corrections officers were attempting to restrain petitioner, he bit Officer Harrington's hand in three places. The bite wounds required hospital treatment.
Petitioner's attorney requested a reduction in sentence. He pointed out that petitioner had served honorably in the U.S. Army and had attended college and obtained an Associate's Degree. The attorney pointed out that the offense here arose out of a verbal dispute which escalated when the officers attempted to remove petitioner physically from his jail cell.
At trial, petitioner claimed self defense. Although this theory was rejected by the jury, counsel argued that it explained petitioner's action. The attorney also stated that the injuries received by Officer Harrington were slight and the trial court did not adequately consider petitioner's potential for rehabilitation.
Considering all of these factors, the attorney argued that the sentence imposed was inappropriate and disproportionate to the crime, therefore, the sentence should be reduced.
The State's attorney argued that the sentence should not be reduced. He pointed out the seriousness of the offense and the threat to discipline within the prison system which petitioner's conduct threatened. CT Page 8668
Petitioner's prior criminal record indicates a propensity towards violence. He has convictions for resisting arrest and simple assault in other jurisdictions. In this state, he was convicted of assault in the second degree and was serving a sentence for violation of probation at the time this offense occurred. It is also noted that at the time sentence was imposed, the charge of assault on a peace officer was pending in the New London Judicial District.
The offense for which petitioner was convicted is a most serious matter. Although the injuries inflicted on the corrections officer were not serious, the offense itself strikes at the heart of the Corrections Department's ability to maintain discipline within its institutions and maintain safety of the officers as well as the inmates.
Under other circumstance, the assault of this nature would be a misdemeanor (General Statutes § 53a-61). The legislature, however, has caused an assault on a corrections officer in violation of General Statutes § 53a-167c to be a Class C Felony. The prime index of the gravity of a particular crime is the length of the statutorily authorized prison term that a defendant convicted of the crime may be required to serve. State v. Tucker, 219 Conn. 752, 759
(1991).
Subsection (b) of Section 53a-167c provides, in part, "if any person who is confined in an institution or facility of the Department of Corrections is sentenced to a term of imprisonment for assault of an employee of the Department of Corrections under this section, such term shall run consecutively to the term to which the person was serving at the time of the assault."
The concurrent sentence imposed here was inappropriate in light of the nature of the offense and does not comport with the requirements of the section of the statute above quoted.
The sentence should be modified.
Accordingly, the sentence is modified to provide that the three years imposed shall be consecutive to the sentence petitioner was then serving. The matter is remanded to the trial court for the imposition of the revised sentence. CT Page 8669
Purtill, J.
Norko, J.
Stanley, J.
Purtill, J., Norko, J. and Stanley, J. participated in this decision.